Maiga Products Corp., as Assignee of Aponte, Jimmy, Respondent, 
against
State Farm Mutual Automobile Ins. Co., Appellant.




Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered January 21, 2016. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). By order entered January 21, 2016, the Civil Court denied the motion, but found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely and proper mailing of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure to appear for the EUOs. The Civil Court stated, insofar as is relevant to this appeal, that there was an issue of fact "as to how the bill is received, where it is received and date stamped and the nexus to the Ballston Spa office from Atlanta, GA." As limited by its brief, defendant appeals from so much of the order as denied its motion for summary judgment dismissing the complaint.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an EUO, an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had [*2]twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Integrative Pain Medicine, P.C. v Praetorian Ins. Co., 53 Misc 3d 140[A], 2016 NY Slip Op 51520[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Plaintiff challenges the Civil Court's implicit CPLR 3212 (g) finding that the first EUO scheduling letter had been timely mailed, arguing that the individual who executed the affidavit of mailing of the EUO scheduling letters did not demonstrate knowledge of the practices and procedures for receipt of the claim forms, which had been mailed to defendant's office in Atlanta, Georgia. Plaintiff also challenges the Civil Court's implicit CPLR 3212 (g) finding that defendant established plaintiff's failure to appear for the EUOs. A review of the record establishes that the Civil Court correctly determined that defendant had established plaintiff's failure to appear for the EUO. Moreover, defendant's practices and procedures regarding the receipt of its mail are irrelevant (see Maiga Prods. Corp. v State Farm Mut. Auto. Ins. Co., 59 Misc 3d 145[A], 2018 NY Slip Op 50736[U] [App Term, 2d, 11th & 13th Jud Dists 2018]). Finally, plaintiff argues that it raised a triable issue of fact. Since that argument lacks merit, the Civil Court should have granted defendant's motion for summary judgment.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018